FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   FEB 01 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSEPH LAGO,

                Petitioner,

                **OPINION & ORDER**
                **CV-11-2083**

-against-

GENE NILES, Acting Superintendent,
Otisville Correctional Facility,

                Respondent.
-------------------------------------------------------X
FEUERSTEIN, J.

On January 18, 2007, a judgment of conviction was entered against *pro se* petitioner Joseph Lago ("petitioner") in the Supreme Court of the State of New York, Suffolk County (Mullen, J.), upon a jury verdict finding him guilty of two (2) counts of manslaughter in the second degree, six (6) counts of vehicular manslaughter in the first degree, three (3) counts of vehicular assault in the first degree, three (3) counts of operating a motor vehicle while intoxicated, three (3) counts of aggravated unlicensed operation of a motor vehicle in the first degree, reckless driving and speeding, and upon imposition of sentence. On or about April 25, 2011, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is respondent's motion to dismiss the petition as time-barred. For the reasons set forth herein, respondent's motion is granted and the petition is dismissed in its entirety with prejudice.

I.      BACKGROUND

On January 18, 2007, a judgment of conviction was entered against petitioner in the

1

Supreme Court of the State of New York, Suffolk County (Mullen, J.) ("the state court"), upon a jury verdict finding him guilty of two (2) counts of manslaughter in the second degree, six (6) counts of vehicular manslaughter in the first degree, three (3) counts of vehicular assault in the first degree, three (3) counts of operating a motor vehicle while intoxicated, three (3) counts of aggravated unlicensed operation of a motor vehicle in the first degree, reckless driving and speeding, and upon imposition of sentence to, *inter alia*, concurrent indeterminate terms of imprisonment of five (5) to fifteen (15) years on the top counts.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("the Appellate Division"). By order dated March 10, 2009, the Appellate Division affirmed the judgment of conviction. People v. Lago, 60 A.D.3d 784, 875 N.Y.S.2d 178 (2d Dept. 2009). On August 11, 2009, the New York State Court of Appeals denied petitioner's application for leave to appeal the order of the Appellate Division. People v. Lago, 13 N.Y.3d 746, 886 N.Y.S.2d 100, 914 N.E.2d 1018 (2009). Thus, petitioner's judgment of conviction became final on November 9, 2009, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. See Rule 13(1) of the Rules of the Supreme Court of the United States; 28 U.S.C. § 2101(d); Jimenez v. Quarterman,129 S.Ct. 681, 685-686, 172 L.Ed.2d 475 (2009).

On or about April 27, 2011, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent now moves to dismiss the petition as time-barred. Petitioner has not opposed the motion, although he asserts in his petition, in essence, that his failure to timely file the petition should be excused because his retained appellate counsel never advised him when his application for leave to appeal to the New York State Court of Appeals had been denied and he only learned of the denial of his application in March 2011.

2

II.  DISCUSSION

A petition for a writ of habeas corpus filed by a person in state custody is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA establishes a one (1)-year statute of limitations for state prisoners seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); see Gonzalez v. Thaler, — S. Ct. —, 2012 WL 43513, at * 9 (Jan. 10, 2012). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Only subparagraph (A) is applicable here, so petitioner's judgment became final on November 9, 2009, when his time for pursuing direct review in the Supreme Court expired. See Gonzalez, — S. Ct. —, 2012 WL 43513, at * 9. Thus, pursuant to the AEDPA, petitioner had until November 9, 2010 to file any habeas petition in this Court. Since the petition was not filed until April 25, 2011, it is untimely under the AEDPA.

Nonetheless, the limitation period may be tolled for equitable reasons. See Holland v. Florida, — U.S. —, 130 S Ct. 2549, 2560-62, 177 L.Ed.2d 130 (2010); Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011); Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011). To be entitled to equitable tolling, a petitioner must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, — U.S. —, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct.

3

1807, 161 L.Ed.2d 669 (2005)); see also Harper, 648 F.3d at 137 ("To be eligible for equitable tolling, a petitioner must demonstrate 'extraordinary circumstances beyond his control' that prevented him from timely filing his petition." (quoting Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003)). "The term 'extraordinary' refers not to the uniqueness of [the petitioner's] circumstances, but rather to the severity of the obstacle impeding compliance with [AEDPA's] limitations period." Harper, 648 F.3d at 137; see also Dillon, 642 F.3d at 363.

Equitable tolling is available only in "rare and exceptional circumstances," Harper, 648 F.3d at 136, where the petitioner "demonstrate[s] a causal relationship between the extraordinary circumstances... and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010), cert. denied, 132 S. Ct. 190, 181 L.Ed.2d 98 (2011) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)); see also Harper, 648 F.3d at 137 (holding that in order to secure equitable tolling, the petitioner must demonstrate that extraordinary circumstances caused him to miss the original filing deadline). "[A] petitioner seeking equitable tolling of AEDPA's limitations period must demonstrate that he acted with reasonable diligence throughout the period he seeks to toll." Harper, 648 F.3d at 138 (quotations and citation omitted); see also Holland, — U.S. —, 130 S. Ct. at 2565 ("The diligence required for equitable tolling purposes is reasonable diligence, * * * not maximum feasible diligence." (internal quotations and citations omitted)). The determination of whether equitable tolling is appropriate must be made on a case-by-case basis. Holland, — U.S. —, 130 S. Ct. at 2563; see also Jenkins, 630 F.3d at 305 (recognizing that "equitable procedure demands flexibility in the approach of equitable intervention.")

None of the circumstances warranting equitable tolling are present here. Petitioner has not

4

established, *inter alia*, that any extraordinary circumstance beyond his control prevented him from timely filing his habeas petition in this Court. Although some courts have found that a prolonged delay between the issuance of an order necessary to satisfy AEDPA's exhaustion requirement and an inmate's notification of it may provide a basis for equitable tolling if the petitioner had diligently attempted to ascertain the status of that order and the delay prevented him from timely filing a habeas petition, see Diaz v. Kelly, 515 F.3d 149, 155 (2d Cir. 2008) (citing cases), there is no indication in this case, *inter alia*, that petitioner acted with reasonable diligence in seeking to ascertain the status of his application for leave to appeal to the New York State Court of Appeals during the more than nineteen (19)-month period between when the application was filed, i.e., between March 10, 2009 and August 11, 2009, and when the petitioner purportedly first learned of it in March 2011. See, e.g. Cruz v. McGinnis, No. 11-cv-3442, 2011 WL 5848579, at * 6 (E.D.N.Y. Nov. 22, 2011) (finding that generally, periods of delay lasting for more than one (1) year do not exhibit due diligence). Petitioner has provided no details regarding any attempts he made to obtain the status of his leave application from either his retained attorney or from the state court itself, other than to indicate that he wrote to his attorney "a couple of times in late 2009 and early 2010 and received no response from his office," (Letter from petitioner to the Court dated March 18, 2011 ["Pet. Ltr."]), nor has he indicated that anything prevented him from attempting to ascertain the status of his leave application from the state court, or otherwise, from early 2010, after having failed to receive a response from his attorney, until the limitations period had expired on November 10, 2010. It was petitioner's lack of diligence in failing to attempt to ascertain the status of his leave application for more than fifteen (15) months, i.e., from before August 2009 until the November 9, 2010 AEDPA deadline, not any extraordinary circumstance, that prevented him from timely filing his habeas petition. Moreover, petitioner did not act with reasonable diligence in

5

waiting over one (1) month after learning that his leave application had been denied by the New York State Court of Appeals before filing his habeas petition. Cf. Diaz, 515 F.3d at 155 (finding that the petitioner had acted with reasonable diligence in filing his habeas petition one (1) day after learning that his leave application had been denied). Accordingly, respondent's motion to dismiss the petition is granted and the petition is dismissed in its entirety with prejudice as time-barred.

III. CONCLUSION

Respondent's motion to dismiss the petition is granted and the petition for a writ of habeas corpus is dismissed in its entirety with prejudice as time-barred. The Clerk of the Court is directed to enter judgment in favor of respondent, to close this case and to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the order to the *pro se* petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(a)(2), a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. §2253.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February / , 2012
Central Islip, New York